UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Brenner, Spiller & Archer
125 Rt. 73 N.
West Berlin, NJ 08091
P: 856-963-5000
F: 856-858-4371
Attorney for Debtor

In Re:

Sharon Roman

Case No.: 22-12963

Judge: ABA

Chapter: 13

CERTIFICATION IN SUPPORT OF MOTION

I, Andrew Archer, Esquire, of full age, certifies as follows:

1. I am Counsel for the Debtor in the above matter and, as such, I am fully familiar with the facts and circumstances herein.

2. On April 11, 2022, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

3. On June 17, 2022, creditor Pinnacle Credit Services, LLC filed Proof of Claim #1 claiming a debt owed in the amount of $129,709.55.

4. After reviewing the proof of claim, we have concluded that the amount of the claim should be expunged or reduced.

5. Pursuant to §558 of the Bankruptcy Code, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate…"

6. The statute of limitations to foreclose on a residential mortgage has expired.

7. N.J.S.A. 2A:50-56.1 provides that the statute of limitations is earliest of:

    a. Six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note…

    b. Thirty-six years from the date of recording of the mortgage…

    c. Six years from the date on which the debtor defaulted…

8. In this instance the earliest of the three dates is six years from the date of default.

9. According to the proof of claim, this account has been in default since 2010.

10. Thus, the statute of limitations expired in 2016.

11. In the event that the Court find that the statute of limitations has not expired, the proof of claim should be reduced.

12. The Truth in Lending Act requires that mortgage borrowers be provided with a periodic statement for each billing cycle, unless the loan has been charged off and no additional fees or interest will be charged on the account. **See 15 U.S.C. § 1638(f).**

13. Furthermore, the Consumer Financial Protection Bureau also requires creditors to provide monthly periodic statements. **See 12 CFR Part §1026.41**

14. My office has been provided with Monthly Statements, and the earliest statement is dated August 16, 2021.

15. There has been no evidence provided that any monthly statements were sent to the Debtor from the time of the loan modification on May 10, 2010 until August 16, 2021.

16. There is an exception recognized by both the Truth in Lending Act and the Consumer Protection Financial Bureau, which is if the debt is "charged-off". **See 12 C.F.R. §1026.41(e)(6)**

17. Charge-offs typically occur after the creditor hasn't received payments for a period of 180 – 240 days.

18. The purpose of the periodic statement rule is to prevent the surprise appearance of a long-dormant second mortgage together with unexpected claims for years of accrued interest and fees. **See Reg. Z, 12 CFR §1026.41**, implementing **15 USC §1638(f).**

19. Under this rule, servicers must keep borrowers informed about the status of a second mortgage, including whether it has been charged-off or re-activated for collection, as well as who currently owns the loan and how to contact appropriate parties for up-to-date information. See **Constance Daniels v. Select Portfolio Services, Inc.,** No. 19-10204, at 15 (11th Cir. 2022).

20. As Defendant has not received a monthly mortgage statement since 2010, and Plaintiff has not provided evidence of any monthly mortgage statements prior to August 16, 2021, Plaintiff is barred from collecting any amounts above the principal balance due.

21. According to the proof of claim the outstanding principal balance is $58,033.41.

22. Since there is proof of statements from August 16, 2021 to current, we can amortize $58,033.41 with the contractual interest rate of 9.20% from August 16, 2021 going forward.

23. $58,033.41 has an annual interest accrual of $5,399.07 at 9.20%.

24. $5,399.07 annually is a per diem amount of $14.63.

25. At the time of writing, December 7, 2022, it has been 478 days since August 16, 2021.

26. The per diem interest of $14.63 multiplied by 478 days is a total accrued interest of $6,993.14.

27. Adding $6,993.14 to the principal balance of $58,033.41 gives a total balance of $65,026.55, as of December 7, 2022.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Date: December 7, 2022                                    /s/ Andrew Archer
                                                          Andrew Archer, Esquire
                                                          Attorney for Debtor