| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Brenner, Spiller & Archer<br>125 Rt. 73 N.<br>West Berlin, NJ 08091<br>P: 856-963-5000<br>F: 856-858-4371<br>Attorney for Debtor | |
| In Re:<br><br>Sharon Roman | Case No.:  __22-12963__<br><br>Judge:  __ABA__<br><br>Chapter:  __13__ |

## BRIEF IN SUPPORT OF MOTION

I.     LEGAL ARGUMENT

A.     STATUTE OF LIMITATIONS

       The Statute of Limitations to foreclose on a residential mortgage has lapsed, as such, this Proof of Claim must be expunged from the bankruptcy case.

       An action to foreclose a residential mortgage shall not be commenced following the earliest of:

       a. Six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note…

       b. Thirty-six years from the date of recording of the mortgage…

       c. Six years from the date on which the debtor defaulted…

**N.J.S.A. 2A:50-56.1**

The proof of claim illustrates that the account has been in default since 2010. This means that the statute of limitations lapsed in 2016.

N.J.S.A. § 2A:50-56.1 originally became law in 2009. As explained in the Assembly Financial Institutions and Insurance Committee Statement, Senate, No. 250-L. 2009, c. 105 ("the Committee Statement") accompanying the bill which became N.J.S.A. § 2A:50-56.1, the statute "in part, codifies the holding in <u>Security National Partners Limited Partnership v. Mahler</u>, 336 N.J. Super. 101 (App. Div. 2000)." The Committee Statement in an October 6, 2008 report says:

> The Assembly Financial Institutions and Insurance Committee reports favorably Senate Bill 250 (1R).
>
> This bill supplements the "Fair Foreclosure Act," P.L.1995, c.244 (C.2A:50-53 et seq.) by applying a statute of limitations to residential mortgage foreclosure actions. *The bill is intended to address some of the problems caused by the presence on the record of residential mortgages which have been paid or which are otherwise unenforceable. These mortgages constitute clouds on title which may render real property titles unmarketable and delay real estate transactions*.

The original legislation differs from current legislation in that the original statute carried a twenty (20) year statute of limitations following the date of default. However, the statute was amended in 2019, and the amendment reduced the statute of limitations following the date of default from twenty years to six years.

B. RETROACTIVE APPLICATION

There does remain a question as to whether or not N.J.S.A. § 2A:50-56.1 is to be applied retroactively. Judge Kaplan, in <u>In re Washington</u>, Case No. 14-14573 (Bankr. D.N.J. Nov. 5, 2014) looked at the retroactive application and determined that N.J.S.A. § 2A:50-56.1 is to be applied retroactively, writing that "[t]o the extent that N.J.S.A. § 2A:50-56.1 applies to this case only if given retroactive application, this statute meets the

criteria for retroactive application reiterated in James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 558, 563 (2014).

Although the case In re Washington, was subsequently reversed, the decision by the District Court hinged on the fact that the acceleration of the mortgage did not accelerate the maturity date, thus the 20 year statute of limitations had not lapsed. The law was subsequently amended in 2019, which includes a shorter statute of limitations period of six years from the date of default, which did not exist when the district court reversed Judge Kaplan's decision. Moreover, the District Court did not overturn the retroactive application of N.J.S.A. § 2A:50-56.1.

Furthermore, the New Jersey Appellate Court has also considered whether or not N.J.S.A. § 2A:50-56.1 is to be applied retroactively. In the case of Anim Inv. Co. v. Shalhoub, DOCKET NO. A-5266-15T2 (App. Div. Feb. 28, 2018), in this case Defendants moved for summary judgment, arguing that the complaint was barred by the statute of limitations codified in N.J.S.A. 2A:50-56.1, which took effect on August 6, 2009, and applied retroactively to their mortgage. After hearing oral argument and requesting supplemental briefing, in a June 30, 2016 written decision, Judge Edward Jerejian agreed that N.J.S.A. 2A:50-56.1 "[met] the criteria for retroactive application" under Gibbons v. Gibbons, 86 N.J. 515, 523 (1981), Phillips v. Curiale, 128 N.J. 608, 617 (1992), and In re D.C., 146 N.J. 31, 50 (1996).

The matter was appealed, and the decision was upheld by the Appellate Court. The Appellate Court had this to say:

> Like the judge, we reject plaintiff's arguments and affirm substantially for the reasons expressed in Judge Jerejian's comprehensive and well-reasoned written decision. We add the following brief comments.
>
> When reviewing the grant of summary judgment, we analyze the decision applying the "same standard as the motion judge." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).
>
> No published case has interpreted the limitations provision of N.J.S.A. 2A:50-56.1(a), however, the plain language of the statute is the best indicator of the Legislature's intent. See Tumpson v. Farina, 218 N.J. 450, 467 (2014) ("In construing any statute, we must

give words 'their ordinary meaning and significance,' recognizing that generally the statutory language is 'the best indicator of [the Legislature's] intent.'" (alteration in original) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "If the plain language leads to a clear and unambiguous result, then our interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007). It is only when there is ambiguity in the language that we turn to extrinsic evidence, such as legislative history. Id. at 195-96.

Generally, newly enacted laws are applied prospectively. James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 556 (2014). This approach is based on "long-held notions of fairness and due process." Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 45 (2008). That practice, however, is no more than a rule of statutory interpretation meant to "aid the court in the search for legislative intent." Twiss v. State, 124 N.J. 461, 467 (1991). As such, it "is not to be applied mechanically to every case." Gibbons, 86 N.J. at 522. Rather, in Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386-89 (2016), our Supreme Court reaffirmed the inquiry articulated in Gibbons and Phillips to guide the retroactivity analysis.

Applying those principles, we agree with Judge Jerejian that N.J.S.A. 2A:50-56.1 was intended to be curative, and to provide guidance on an issue that was previously unaddressed by statute.

**Anim Inv. Co. v. Shalhoub, DOCKET NO. A-5266-15T2 (App. Div. Feb. 28, 2018)**

It is also important to note that the case of Anim Inv. Co. v. Shalhoub, was further appealed to the New Jersey Supreme Court who denied certiorari on June 1, 2018. **See attached Order Denying Certification.**

December 7, 2022 /s/ Andrew T. Archer
Andrew T. Archer, Esq.
Attorney for Debtor